IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KATRINA M. HUGHES                                                            PLAINTIFF

vs.                                     Civil No. 2:15-cv-02230

CAROLYN W. COLVIN                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Katrina M. Hughes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on August 8, 2011. (Tr. 10). In this application, Plaintiff alleges being disabled due to an anxiety disorder, a back condition, PTSD, and bipolar disorder. (Tr. 278). Plaintiff alleges an onset date of June 21, 2011. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 126-149).

Thereafter, Plaintiff requested an administrative hearing on her denied application. (Tr. 173-

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

174). This hearing request was granted, and Plaintiff's first administrative hearing was held on April 20, 2011. (Tr. 83-100). This hearing was held in Morgantown, West Virginia. *Id.* Thereafter, the SSA held a second administrative hearing on November 26, 2013 in Fort Smith, Arkansas. (Tr. 30-82). At this hearing, Plaintiff was present and was represented by Susan E. Brockett. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Monte Lumpkin testified at this hearing. *Id.*

On September 5, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 7-24). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 8, 2011, her application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff has the following severe impairments: mild degenerative disc disease of the lumbar spine, fibromyalgia, hypothyroidism, obesity, migraines, history of seizures and syncope, interstitial cystitis, bipolar disorder and mood disorder (not otherwise specified), anxiety disorder (not otherwise specified), PTSD, borderline personality disorder, and polysubstance dependence. (Tr. 12, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-22, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can only occasionally climb, balance, stoop, kneel, crouch and crawl, and she must avoid concentrated exposure to hazards, including no driving as part of work. Further, she can perform simple, routine, repetitive tasks in an environment with incidental interpersonal contact with coworkers and

>       supervisors, no contact with the general public, and simple, direct and concrete supervision.

*Id.*

The ALJ found Plaintiff had a limited education and was able to communicate in English. (Tr. 23, Finding 7). The ALJ also found Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c). (Tr. 22, Finding 6). The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 22, Finding 5). The ALJ then determined whether Plaintiff retained the capacity other work existing in significant numbers in the national economy. (Tr. 23, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering Plaintiff's RFC and other limitations, the ALJ determined a hypothetical person with those limitations retains the capacity to perform occupations such as the following: (1) production helper (light, unskilled) with representative occupations including laundry folder and fabric layout worker with 2,241 such jobs in Arkansas and 87,246 such jobs in the national economy; and (2) food processor (light, unskilled) with representative occupations including conveyor bakery line worker and spice mixer with 581 such jobs in Arkansas and 9,042 such jobs in the national economy. (Tr. 23, Finding 9). Because Plaintiff retained the capacity to perform these jobs, she retained the capacity to perform other work. Accordingly, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 8, 2011 (her application date) through September 5, 2014 (ALJ's decision date). (Tr. 24, Finding 10).

Plaintiff sought review with the Appeals Council. (Tr. 5). Thereafter, on October 2, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). On October 26, 2015, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have

consented to the jurisdiction of this Court. ECF Nos. 12, 14. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12 at 8-16.  Specifically, Plaintiff claims the following: (A) the ALJ failed to fully develop the record; (B) the ALJ erred in assessing her credibility; and (C) the ALJ erred in assessing her RFC.  *Id.*  The Court will address all of these arguments.

**A.**     **ALJ's Record Development**

Plaintiff claims the ALJ erred in developing the record in her case.  ECF No. 12 at 8-9.  As Plaintiff states, "the ALJ should have sought further clarification from the Plaintiff's health care

providers as to the nature of her impairments and what limitations those impairments would have on her Residual Functional Capacity." *Id.*  In response to this argument, Defendant claims the ALJ fully complied with his obligation to develop the record.  ECF No. 14 at 8-9.  Defendant also argues no remand is necessary.  *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in this case was properly developed and no remand is necessary.  Notably, the ALJ only has the obligation "to develop a reasonably complete record."  *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994).  Here, the transcript in this case is over 700 pages long.  This transcript includes over 300 pages of Plaintiff's treatment records.  (Tr. 341-712).  Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment.  *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand").  Here, Plaintiff has made no showing of prejudice or unfair treatment.  ECF No. 12 at 8-9.  Indeed, Plaintiff has in no way even indicated to the Court the specific ways the record was not fully developed.  Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

      **B.**     **ALJ's Credibility Assessment**

Plaintiff claims the ALJ's credibility determination is not sufficient.  ECF No. 12 at 9-13.  Specifically, Plaintiff claims the ALJ did not give "any solid, substantiated reasons for discrediting the Plaintiff's testimony."  *Id.*  Thus, Plaintiff claims his case must be reversed and remanded.  *Id.*  In response, Defendant argues the ALJ's credibility determination was reasonable and was within

the ALJ's discretion.  ECF No. 14 at 9-11.  Defendant argues the ALJ's credibility determination should be affirmed.  *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]."  *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with *Polaski* in evaluating Plaintiff's credibility. (Tr. 15-22). In his opinion, the ALJ noted Plaintiff was not compliant in taking her medications (Tr. 21); Plaintiff's daily activities had (in the recent past) included jogging and doing yoga (Tr. 210); Plaintiff's fibromyalgia was treated with conservative care only (Tr. 16); and Plaintiff's back pain was treated with conservative care only (Tr. 16). These findings certainly undermine Plaintiff's credibility. *Id.* Furthermore, Plaintiff was diagnosed with hypothyroidism but was not complaint with her treatment. (Tr. 19). This fact also undermines her credibility.

Based upon this information, the Court finds the ALJ supplied "good reasons" for his credibility determination. Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

Notably, Plaintiff also appears to suggest the ALJ was required to discuss *every Polaski* prior to discounting her subjective complaints. Clearly, however, under Eighth Circuit law, the ALJ is not required to discuss *every Polaski* factor. *See Casey v. Astrue,* 503 F.3d 687, 695 (8th Cir. 2007) (recognizing "[w]hile these considerations must be taken into account, the ALJ's decision need not include a discussion of how every *Polaski* factor relates to the claimant's credibility").

**C.     ALJ's RFC Determination**

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 12 at 13-15. In making this argument, Plaintiff recites a number of her impairments she alleges are disabling and the summarizes her argument as follows: "Clearly the Plaintiff would be limited further than the RFC assigned to her in this case. She would also have problems with concentration, persistence and pace due to pain, but also due to mental impairments." ECF No. 12 at 15.

In making her argument, however, Plaintiff assumes the ALJ should have adopted *every claim* she made. For instance, Plaintiff claims her fibromyalgia is disabling. ECF No. 12 at 15. However, as noted by the ALJ, Plaintiff's fibromyalgia was only treated with conservative care. (Tr. 16). Further, the ALJ noted Plaintiff's fibromyalgia diagnosis was apparently not made by a specialist, and there was no evidence she "continued to seek medical treatment with a specialist after January 2012." *Id.* By supplying these reasons, the ALJ has supplied a solid basis for discounting the extent of Plaintiff's limitations from her alleged fibromyalgia.

Furthermore, Plaintiff has not supplied evidence demonstrating any *specific* limitations greater than those found by the ALJ. Plaintiff has the burden of demonstrating her RFC limitations. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted) (recognizing "[a] disability claimant has the burden to establish her [or her] RFC"). Here, because Plaintiff has not provided any specific ways the ALJ erred in assessing her RFC, the Court finds no basis for reversal on this issue. *See, e.g., Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings").

**4.	Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of December 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE